# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY DIETZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV497 LMB |
| | ) | |
| MICHAEL T. JAMISON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pretrial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition will be summarily dismissed.

Petitioner is a pretrial detainee at the St. Louis County Justice Center awaiting trial for sodomy and use of a weapon in furtherance of sodomy. Petitioner claims that he previously demanded that the Court set the case for trial within 180 days pursuant to the Interstate Agreement on Detainers Act, Mo. Rev. Stat. § 217.490 (the "IAD"). Petitioner says that the state has failed to try his case within the time mandated by the IAD, and he requests that this Court declare that the state court has lost jurisdiction over his criminal case. However, petitioner also admits that, through counsel, he waived the speedy trial provision of the IAD on November 30, 2009. See also State v. Dietz, 09SL-CR03464-01 (St. Louis County Circuit Court) (docket sheet available

at https://www.courts.mo.gov/casenet/base/welcome.do). The petition contains no other ground for relief.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing § 2254 Cases.

In order to properly bring a claim for violation of the speedy trial provision of the IAD, a petitioner must first present the issue to the state courts "either by direct appeal or by petitioning for a writ of habeas corpus under state law." Cain v. Petrovsky, 798 F.2d 1194, 1195 (8th Cir. 1986). Such exhaustion of state remedies "is necessary before this petition properly may be entertained." Id. Petitioner has not exhausted these state remedies. Moreover, petitioner has undermined his claim by waiving his right to a speedy trial under the IAD. As a result, the Court will summarily dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of March, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE